UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:17 CR 183(2) |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | : | |
| **JORDAN B. SMITH,** | : | |
| **Defendant.** | : | |

Now comes the United States, by and through the undersigned Assistant United States Attorney, and respectfully provides the following sentencing memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY


s/Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

**MEMORANDUM**

On or about June 15, 2017, Defendant Jordan Smith ("Smith") transported money from the Dayton area to the Northern District of Illinois, and exchanged it there for approximately 5 kilograms of cocaine. (R. 114, *Plea Agreement*, PAGEID# 808).  On November 8, 2018, Smith entered a guilty plea to Count Two of the Superseding Indictment, namely "Interstate travel in furtherance of an unlawful activity," in violation of 18 U.S.C. § 1952. The statutory penalties include up to 5 years in prison.

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of defendant, 5) providing rehabilitative services to defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants.  The Court may place greater weight upon certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

Reviewing the Presentence Report, it is apparent that Smith's adolescence was chaotic and – as evidenced by her present bond violations – she struggles with substance abuse and compliance with court directives.  The United States also believes that Smith is the least culpable of the offenders charged in this scheme, as she was a courier.

That said, she participated in a significant criminal violation involving the delivery of

several kilograms of cocaine, and her performance on bond has been extremely poor.  Just punishment, promoting respect for the law, deterrence, and the seriousness of the offense require some period of incarceration.  Nonetheless, the United States does not object to a downward variance from the applicable guideline range based on the above facts and in part the arguments raised by Smith in her sentencing memorandum.

## CONCLUSION

In summary, the United States believes a prison term less than the applicable guideline range would be sufficient, but not more than necessary to address the 18 U.S.C. § 3553(a) factors.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

3

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served May 3, 2019, upon Mr. Nathan Stuckey, Esq., via CM/ECF electronic filing.

s/ Andrew J. Hunt<br>
Andrew J. Hunt (007368)<br>
Assistant United States Attorney